IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

PATRICIA WILLIAMS,
   *Plaintiff*,

v.     Civil Action No. ELH-10-2219

COMPUSA,
   *Defendant*.

## MEMORANDUM OPINION

The procedural history of this action is summarized in the Court's Order of April 27, 2011 (ECF 12). In sum, Patricia Williams, plaintiff, filed an employment discrimination suit against CompUSA on August 8, 2010. On December 7, 2010, plaintiff served CompUSA by substituted service on the Maryland Department of Assessments and Taxation (ECF 3). However, plaintiff later learned that, due to an apparent change in corporate ownership, the wrong corporate entity had been served. Thereafter, on three occasions, the Court granted plaintiff's requests to extend the 120-day deadline for service of process, specified in Federal Rule of Civil Procedure 4(m) and Local Rule 103.8.a.

Despite those extensions, plaintiff did not effect service upon defendant.[1] Then, on April 22, 2011, plaintiff's counsel asked the Clerk (not the Court) for a "new summons" (ECF 11).

---

[1] The Court accepts at face value plaintiff's assertion that "the proper party was not served." [First] Motion for an Enlargement of Time at 1 (ECF 5). Apparently, plaintiff served an entity registered with the State Department of Assessments and Taxation to do business in Maryland as "CompUSA." S*ee* Return of Service (ECF 3). But, no evidence, other than the letter plaintiff's counsel received from the general counsel of the reformulated CompUSA, has been submitted to show that the proper defendant was not served (or who is, in fact, the proper defendant).

That request was made one business day before the expiration of the third extension of the deadline for service of process. Accordingly, on April 27, 2011, the Court ordered plaintiff to show cause why the case should not be dismissed (ECF 12). On May 15, 2011, after obtaining an extension, plaintiff filed a Response to the Court's Order to Show Cause ("Response") (ECF 15).

In the Response, plaintiff seeks an additional fifteen days in which to effectuate service on defendant. Response at 8. Plaintiff's counsel asserts three grounds for the requested extension of the deadline for service of process. First, he notes that his attempts to serve defendant have been frustrated by the change in "defendant's organizational structure," which has made it difficult for counsel to "determine the proper party to serve." *Id.* at 6. In this connection, he cites the letter dated December 17, 2010, which counsel received from Curt S. Rush, General Counsel for Systemax, Inc. (the corporate owner of CompUSA.com Inc. and CompUSA Retail Inc., collectively the "new CompUSA"). There, Mr. Rush asserted that the new CompUSA had been "erroneously served," and he provided contact information for Brian Zollinger, Acting General Counsel for "Old CompUSA Inc. fka CompUSA Inc" (ECF 5-3). According to plaintiff's counsel, "[s]hortly after petitioning the Court for the initial enlargement of time," he telephoned Zollinger, who informed him that, "as of the next day," Zollinger's "position would be 'vacant,' because he had accepted an opportunity with another company." *Id.*[2] Thus, plaintiff's counsel asserts that he was required to "'search' for the proper party."

---

[2] Plaintiff asserts that the telephone number provided for Zollinger was a number for a mobile phone, and asks the Court to draw from that fact "a reasonable inference as to the instability of the organization at that time." *Id.* at 2.

Second, plaintiff's attorney notes that he is a sole practitioner, and was "the only person in his office during the time service could have been perfected." *Id.* at 7. Further, he explains that he is "consistently strapped for time, while balancing competing discovery schedules and the deadlines associated with both pretrial and post trial dispositive motions filed by defendants." *Id.* Thus, he seeks to distinguish this case from those in which good cause for failure to serve has not been found when someone else could have attended to service. *See, e.g.*, *Hoffman v. Baltimore Police Dept.*, 379 F. Supp. 2d 778, 786 (D. Md. 2005).

Third, plaintiff's lawyer posits that he recently discovered "an article on the internet that identified the resident agent for the part of the company Plaintiff must most likely serve." Response at 7. According to plaintiff's counsel, this discovery motivated him to request a new summons "as late as April 20, 2011," which he claims would have provided the "opportunity . . . for service on or before April 25, 2011, pursuant to the Court's mandate." *Id.*

Rule 4(m) of the Federal Rules of Civil Procedure is relevant. It provides:

If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Rule 4(m) was enacted in 1993 as a successor to the former Rule 4(j), which had required that a case "shall be dismissed" if the defendant was not served within 120 days and the plaintiff "cannot show good cause why such service was not made within that period." *Hammad v. Tate Access Floors, Inc.*, 31 F. Supp. 2d 524, 526 (D. Md. 1999). After Rule 4(m) was enacted, the Fourth Circuit decided *Mendez v. Elliott*, 45 F.3d 75 (4th Cir. 1995), in which it opined that the new Rule 4(m) represented a "renumber[ing]" of former Rule 4(j), "without a change in

substance," and stated: "Rule 4(m) requires that if the complaint is not served within 120 days after it is filed, the complaint must be dismissed absent a showing of good cause." *Id.* at 78. In so stating, however, the *Mendez* Court did not discuss the Advisory Committee Notes to Rule 4(m), which explicitly state that the rule "'authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision *even if there is no good cause shown*.'" *Hammad*, 31 F. Supp. 2d at 527 (quoting Advisory Committee Notes; emphasis altered).

After *Mendez*, the Supreme Court decided *Henderson v. United States*, 517 U.S. 654 (1996). In *dicta,* the Supreme Court stated that, under Rule 4(m), "courts have been accorded discretion to enlarge the 120-day period 'even if there is no good cause shown.'" *Id.* at 662 (quoting Advisory Committee Notes to Rule 4(m)); *see also id.* 517 U.S. at 658 n.5 ("Rule 4(m) . . . permits a district court to enlarge the time for service 'even if there is no good cause shown.'").[3]

Several decisions of this Court have observed that it is unclear, in this circuit, whether Rule 4(m) vests a court with discretion to grant an extension of the 120-day deadline, in the absence of good cause. *See, e.g.*, *Lehner v. CVS Pharmacy*, Civ. No. RWT-08-1170, 2010 WL 610755, at *2 (D. Md. Feb. 17, 2010); *Knott v. Atlantic Bingo Supply, Inc.*, Civ. No. JFM-05-1747, 2005 WL 3593743 (D. Md. Dec. 22, 2005); *Hoffman*, *supra*, 379 F. Supp. 2d at 786; *Melton v. Tyco Valves & Controls, Inc.*, 211 F.R.D. 288 (D. Md. 2002); *Hammad*, 31 F. Supp. 2d at 526; *United States v. Britt*, 170 F.R.D. 8 (D. Md. 1996). Some regard *Mendez* as binding circuit precedent, *see, e.g.*, *Britt*, 170 F.R.D. at 9, while others have concluded that "*Mendez* is

---

[3] To my knowledge, since *Henderson,* the Fourth Circuit has not revisited in a reported opinion the issue of good cause in regard to service of process.

no longer good law." *Hammad*, 31 F. Supp. 2d at 527; *see also Melton*, 211 F.RD. at 289-90. Others have found it unnecessary to resolve definitively whether a finding of good cause is mandatory before an extension can be granted. *See, e.g.*, *Lehner*, 2010 WL 610755, at *2; *Knott*, 2005 WL 3593743, at *1 n.1. Nevertheless, the judges of this Court have consistently held that, even if good cause is no longer an absolute requirement under Rule 4(m), "the Court would still need to have some reasoned basis to exercise its discretion and excuse the untimely service: the Court must give some import to the rule." *Hoffman*, 379 F. Supp. 2d at 786; *see also Lehner*, 2010 WL 610755, at *3 (where plaintiff "made no effort to serve Defendant within the time allotted under Fed. R. Civ. P. 4(m)," even assuming that the Court had discretion to excuse untimely filing, the Court would "not make a mockery of the time requirements set forth in the Federal Rules of Civil Procedure").[4]

To be sure, a change in corporate ownership may create difficulties in effecting service. Nevertheless, other than an internet search that apparently occurred a few days before the expiration of an extended deadline for service, plaintiff's counsel has made no showing since January 2011 of any efforts to effectuate service. At that time (January 2011), he telephoned Mr. Zollinger. Response at 7.

---

[4] To the extent that "good cause" applies, it requires a showing that the plaintiff "made reasonable and diligent efforts to effect service prior to the 120-day limit, which may include a showing that plaintiff's attempts at service were unsuccessful due to a putative defendant's evasion of process." *Quann v. White-Edgewater*, 112 F.R.D. 649, 659 (D. Md. 1986); *accord Knott*, 2005 WL 3593743, at *1. Where a plaintiff has failed to serve a defendant, this Court has found good cause lacking in a variety of circumstances, some quite compelling. *See, e.g.*, *Braithwaite v. Johns Hopkins Hosp.*, 160 F.R.D. 75 (D. Md. 2005) (holding that murder of *pro se* plaintiff's daughter did not constitute good cause to excuse failure to serve defendant within 120 days); *Knott*, 2005 WL 3593743, at *1-2 (holding that serious illness suffered by plaintiff's counsel, which confined him to "bed rest," did not constitute good cause for failure to serve defendant within 120 days).

The fact that plaintiff's counsel is a sole practitioner with many demands on his schedule does not excuse disregard of deadlines imposed by the Federal Rules of Civil Procedure. Rather, counsel has a professional obligation to see that his "workload [is] controlled so that each matter can be handled competently." Rule 1.3, Comment [2], of the Md. Rules of Prof'l Conduct ("MRPC"); *see also* Local Rules 703 & 704 (making the MRPC applicable to lawyers practicing in this Court). Additionally, although good cause to waive the 120-day requirement of Rule 4(m) does not arise because of the "possibility that Plaintiff's claims will be time-barred if dismissed without prejudice," *Knott*, 2005 WL 3593743, at *2, that possibility requires the Court to act prudently before dismissing a case for failure to serve within the time prescribed by the rule.[5]

Significantly, in the majority of the cases I have reviewed (*Lehner*, *Knott*, *Hoffman*, *Melton*, and *Hammad*), this Court has resolved the question of timely compliance with Rule 4(m) in the context of considering a motion by a defendant, served more than 120 days after the filing of the complaint, to dismiss for insufficient service of process under Federal Rule of Civil Procedure 12(b)(5). In those cases, the Court has had the benefit of full adversarial briefing in its consideration of the issue.

---

[5] In this case, plaintiff alleges employment discrimination on the basis of race, gender, and age, with respect to her discharge from employment in June 2007. According to her Complaint (ECF 1), as required by the applicable statutes (Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act), she timely filed a charge with the Equal Employment Opportunity Commission ("EEOC"), and received a right to sue letter from the EEOC on May 13, 2010, which authorized her to initiate suit within 90 days of receipt of the letter. Complaint ¶¶ 8-9. She filed her Complaint on August 11, 2010, the ninetieth day after receipt of the letter. Although I need not, and do not, definitively resolve whether the Complaint would be time-barred if dismissed and later re-filed, it appears at least likely that suit would be barred by limitations.

Accordingly, the Court will grant plaintiff one further, brief extension of time to effect service. However, the extension is granted without a finding that plaintiff has shown good cause, or any "other reasoned basis" for the extension. *Hoffman*, 379 F. Supp. 2d at 786. Further, the extension is granted without prejudice to defendant's right, within 21 days after service of the summons and Complaint, to move to vacate the extension as improvidently granted, and to seek dismissal of the Complaint for insufficient service of process under Federal Rule of Civil Procedure 12(b)(5). In that event, the Court will again consider, after full briefing, the propriety of the extensions.

Therefore, the Court will direct the Clerk to reissue a summons, as requested by plaintiff, and will grant an extension of fifteen days to effect service, as requested by plaintiff, commencing from the date that the summons is issued. A separate Order implementing the foregoing ruling follows.

Dated: May 27, 2011 /s/
Ellen Lipton Hollander
United States District Judge